HUDSON D. MEAD V. STATE, EX REL. DAVID W. SPERLING.

FILED MAY 3, 1905.  No. 13,783. ·

Cities: OFFICES. Under the statute governing cities of the second class having less than 5,000 inhabitants, the offices of the chief of police and overseer of streets are separate or separable, although both may be held by one person at the same time.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

˙ *Allen G. Fisher,* for plaintiff in error.

*Albert W. Crites, contra.*

AMES, C.

In 1903 the relator Sperling was chief of police of Chadron, a city having a population of less than 5,000. The act of incorporation provides that "all police officers appointed by the mayor and council, in accordance herewith, shall be removable at any time by the mayor." (Comp. St., ch. 14, art. I, sec. 6.)   On September 3, of the year named, the mayor removed Sperling from his office. Sperling was at the time water commissioner, from which office he was not removed, and from which he was not removable except by a vote of two-thirds of the members of the council. Afterwards the council, in the absence of the mayor, passed an ordinance purporting to consolidate the offices of water commissioner, overseer of streets and chief of police, and, upon nomination by the

president of the council, also in the absence of the mayor, appointed Sperling to the consolidated office. There is a dispute as to the legality both of the manner of the passage of the ordinance and of this appointment, but we do not think the case calls for its decision. There is no express provision and no indication of legislative in-tent that the office of water commissioner and any other office shall be held by the same person at one time, and we think that in the absence thereof the consolidating ordinance, in so far, at least, as it assumes to unite that office with overseer of streets and chief of police, is in-operative. Section 7 of the statute above quoted, how-ever, does contemplate the occupancy of both the office of chief of police and of overseer of streets by one person, fixing the salary of the former at $65 a month, including compensation as overseer of streets at a rate not exceed-ing $2 a day for services actually rendered. But the preceding section enacts that the overseer of streets shall be removable by the mayor, with the advice and consent of the council, and not by the mayor alone. Hence, it is contended that the relator, having been inducted into the last named office, can be removed therefrom only in the manner just stated, and that without ouster therefrom he still retains the office of chief of police.

This is an action in quo warranto, in which it is al-leged that the respondent Mead, who, after the attempted removal of Sperling, had been appointed by the mayor tem-porarily to fill the vacancy, has usurped all the offices, and prays judgment of ouster from all of them. Mead answers, justifying as to the offices of chief of police and overseer of streets, only, under the above mentioned ap-pointment by the mayor. The consent of the council is requisite to the appointment of every of the officers men-tioned. The district court granted the writ, and the re-spondent prosecutes error.

The statute is somewhat obscure, but we think it will be treated as consistent with itself by regarding the three offices in controversy as separate and separable, even

when two of them are held by the same person, so that the mayor will not be deprived, by construction, of power to remove a chief of police at discretion, and so that the latter will continue to hold office of overseer of streets notwithstanding such removal. This view narrows the litigation down to the former office, and as the mayor has at all times insisted upon the removal of the relator therefrom, we do not think that he can rightfully be regarded as a lawful incumbent thereof. The terms of all the offices in dispute expired before this cause was docketed in this court, so that nothing but costs is directly involved herein, and, as each party demanded and attempted to retain more than rightfully belonged to him, we recommend that the judgment of the district court be reversed and the cause remanded, with instructions to dismiss and adjudge each to pay his own costs.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to dismiss and adjudge each to pay his own costs.

JUDGMENT ACCORDINGLY.